## Thorwarth v. Thorwarth

*Ward F. Clark,* for petitioner.
*William H. Eastburn, III,* for respondent.

MIMS, *J.,* January 10, 1979—Petitioner on November 17, 1978, filed a petition in this court to determine the custody of her three-year-old child, Shane Allison Thorwarth, a female, alleging that this court has jurisdiction to make such a determination under the Commonwealth Child Custody Jurisdiction Act of April 28, 1978, P.L. 96 (Act No. 1978-47), secs. 1-26, 11 P.S. §2401-26. Pursuant to section 10(a) of that act, petitioner in her paragraph eight has listed each address at which the child lived within the last five years. In that paragraph's subsections petitioner avers that until November 12, 1978, for well over a year, petitioner and respondent lived together with the child in New Bern, North Carolina. She also avers there that from that date in November, 1978, she has lived with her parents at 82 Elfman Drive, Doylestown, Bucks County, Pa., that she has the child with her, and that she moved on November 12, 1978, as a result of being presented with a copy of legal papers pertaining to a custody proceeding in North Carolina concerning the child. Elsewhere, at paragraph five of her petition, petitioner even more clearly avers:

"On November 12, 1978, Respondent notified Petitioner that he intended to obtain full custody of said minor child and, as a result of such threat, Petitioner did remove herself and the child from the marital abode at 212 Plantation Drive, New Bern, Craven County, North Carolina, and she has taken

up residence with her parents at 82 Elfman Drive, Doylestown, Bucks County, Pennsylvania."

Respondent now has moved to dismiss the petition on grounds that the court cannot entertain the petition, basing his motion on the Pennsylvania Uniform Child Custody Jurisdiction Act of June 30, 1977, P.L. 29, sec. 1 et seq., effective July 1, 1977, 11 P.S. §§2301-25.

This court entertains and decides this motion of respondent today with the sense of priority and expeditiousness mandated by the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2325, and after both parties have had an opportunity to be heard.

The court notes that the Commonwealth Child Custody Jurisdiction Act, supra, on which Mrs. Thorwarth, petitioner, bases her position, has not repealed or weakened the Uniform Child Custody Jurisdiction Act, supra, on which respondent bases his motion. The court also notes that an adult in Pennsylvania faced with a child-custody question does not have a choice between these two acts. That is, when an adult interested in gaining or retaining custody is contemplating whether to take the initiative and file as petitioner (or to await another's move and thus be a respondent), that adult does not have the additional choice between these two acts. Circumstances, and not choice, determine which act applies.

Petitioner's own pleadings attest to the circumstances which make the Uniform Child Custody Jurisdiction Act, supra, applicable here. The pleadings clearly indicate that petitioner, after actual notice of the North Carolina proceedings, fled that jurisdiction with the child and came to this Com-

monwealth. Petitioner and the child have not lived here for six consecutive months. Thus this court does not have the jurisdiction which petitioner claims or presumes it has, to make any child custody determination (by initial or modification decree), according to section 4 of the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2304. Reviewing that section's possibly relevant alternative means by which this court might have jurisdiction, we hold that each fails to give this court the jurisdiction which petitioner seeks and fails to do so because of facts within petitioner's own pleadings. There, under section 4(a)(1)(i), this is not the child's "home state" as defined in the preceding definitional section. Nor does the next subsection help the petitioner. Section 4(a)(2) reads that this court has jurisdiction to make a determination if: "(2) it is in the best interest of the child that a court of this State assume jurisdiction because: (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State; and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

Yet we are constrained to interpret all sections of this act to promote the general purposes stated in section 2 of the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2302. Thus we hold that neither the child nor either of her parents has a "significant connection" with this state and, consequently or alternatively, that it is not in "the best interest of the child" that this court assume jurisdiction. The other subsections dealing with jurisdiction do not relate to the case as pleaded. Thus this court must dismiss the petition because the court has no jurisdiction to determine custody.

In reaching this conclusion that the court must now decline to exercise jurisdiction over petitioner's petition, the court here has considered petitioner's conduct in fleeing into Pennsylvania from North Carolina after actual notice of the proceeding there, and finds it wrongful. Thus in declining jurisdiction over the petition, the court also holds that petitioner has admitted in her pleadings that she has engaged in conduct intending to benefit her position in the North Carolina custody hearing *and* has taken the child from another state. After noting all of petitioner's pleadings and the materials before this court in support of respondent's motion to dismiss, we hold that these admissions amount to wrongful conduct under section 9(a) of the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2309(a). Thus within our holding that we cannot exercise jurisdiction we note that section 9 clearly applies and further requires that we dismiss the petition on jurisdictional grounds. "The only way to deter kidnapping is for the court to which the kidnapped child is presented to refuse to adjudicate who should have custody of the child." Reed v. High, 254 Pa. Superior Ct. 367, 385 A. 2d 1384, 1385 (1978) (Spaeth, *J.*, concurring).

We now turn our attention to the order of the North Carolina court, a certified copy of which is on file in the prothonotary's office of this county. Respondent in his motion to dismiss, which we have now granted, also is essentially moving to have this court enforce that out-of-state order. In any event that North Carolina order is clearly before this court, just as petitioner is, as well. This court is compelled by section 14 of the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2314, to recognize and to now enforce that order. That section reads as follows:

"§2314. Recognition of out-of-state custody decrees

"The courts of this State *shall recognize and enforce* an initial or modification decree of a court of another state which has assumed jurisdiction under statutory provisions substantially in accordance with this act or which was made under factual circumstances meeting the jurisdictional standards of the act, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this act." (Emphasis supplied.)

We note in passing that while we have declined on jurisdictional grounds under sections 4 and 9 of the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §§2304, 2309, to determine custody, we nevertheless have jurisdiction to enforce the North Carolina order against petitioner. Petitioner has already been served, while living with the child here in Bucks County, with a copy of the North Carolina order, and the proceedings which led to that order she had had actual notice of, before leaving North Carolina. Petitioner has clearly been afforded "reasonable notice" that this court would contemplate a decree enforcing the other state's order, as such notice must be construed in section 5 of the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2305. Similarly petitioner has had an ample opportunity to be heard here as contemplated in the same section. Id.

Under section 14, supra, we are obliged to consider whether the statutory provisions by which North Carolina had assumed jurisdiction are substantially in accordance with Pennsylvania's Uniform Child Custody Jurisdiction Act, supra, or, alternatively, whether it had assumed jurisdiction

under factual circumstances meeting the jurisdictional standards of the Uniform Child Custody Jurisdiction Act, supra. We hold that the factual circumstances by which North Carolina assumed jurisdiction met the standards of section 4 of Pennsylvania's Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2304, because (according to petitioner's pleadings) Craven County, North Carolina, was the home state of the child for six months immediately prior to the initiation of those proceedings or, alternatively, the child had been removed from the jurisdiction by someone claiming custody and the state had been the child's home state within six months prior to the proceeding. See Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2304(a)(1)(i) and (ii).

This court, having already held that it does not have jurisdiction to determine custody of the child, notices that the North Carolina court had and still has proper jurisdiction over the child's custody, and will not, therefore, modify that North Carolina court's custody decree: Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2315.

Being obliged to enforce the North Carolina custody order at this time, according to the Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §2314, this court as it enters the order, infra, also charges petitioner with respondent's necessary travel expenses, attorneys' fees and costs in the present hearing: Uniform Child Custody Jurisdiction Act, supra, 11 P.S. §§2309(c), 2316(b).

Therefore this court enters the following

## ORDER

And now, January 10, 1979, Loran D. Thorwarth's petition to gain custody of Shane Allison

Thorwarth, a female minor, is hereby dismissed with prejudice.

The court hereby orders Loran D. Thorwarth to comply forthwith with the herein-discussed custody decree of the North Carolina court, duly registered in the prothonotary's office of this county, under pains of contempt, and give custody of said child immediately to William T. Thorwarth, Jr.

The court also orders Loran D. Thorwarth to pay William T. Thorwarth, Jr., his attorney's fees, travel expenses, and costs for this hearing, not to exceed $1,800.